

# Fourth Court of Appeals
## San Antonio, Texas

January 29, 2018

No. 04-18-00030-CR

Gregory Duwayne **FLOWERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9418W
Honorable Lori I. Valenzuela, Judge Presiding

# O R D E R

The trial court imposed sentence in the underlying cause on November 30, 2017. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed January 2, 2018. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on January 17, 2018. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on January 11, 2018, but appellant did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* It appears the notice of appeal was untimely filed in this appeal. It is therefore ORDERED that appellant show cause in writing within two weeks from the date this order is signed why this appeal should not be dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of January, 2018.



KEITH E. HOTTLE,
Clerk of Court